RAY M. GAFFNEY, Respondent, *v.* PEOPLE's TRUST COMPANY OF BINGHAMTON, as Executor of FREDERICK M. WEED, Deceased, Appellant.

*Stocks and stockholders — when record holder of stock of insolvent banking corporation obliged to pay assessment levied upon stockholders may recover same from estate of one to whom the stock certificate indorsed in blank had been sold and delivered.*

Gaffney v. People's Trust Co. of Binghamton, 191 App. Div. 697, affirmed.

(Argued May 2, 1921; decided May 31, 1921.)

APPEAL from a judgment, entered June 16, 1920, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury and directing judgment in favor of plaintiff for the relief demanded in the complaint. Plaintiff was the record holder of twenty shares of the capital stock of the Binghamton Trust Company, a banking corporation organized under the laws of the state of New York, and by a proper assignment transferred the same to defendant's testator. The certificate of stock was delivered to and remained in the possession of testator until his death and is now in the possession of the defendant as the executor of his will. The Binghamton Trust Company having become insolvent, the superintendent of banks of the state of New York took possession. Its liabilities proved to be in excess of the amount of its entire capital stock, and accordingly the superintendent of banks assessed all the stockholders of record for the full amount of their statutory liability. The stock delivered to testator had never been transferred to him upon the books of the trust company. Consequently, the name of the plaintiff still appeared thereupon as the owner, and he was accordingly assessed as one of the stockholders of record. He resisted payment of the assessment on the ground that he had never been the owner of the certificate either legally or equitably. In an action brought against him to recover the amount of the assessment it was held that, irrespective of the

37

ownership of the stock, this plaintiff as stockholder of record was liable for the assessment. The plaintiff paid the judgment rendered against him, and thereupon brought this action to recover the amount so paid from the estate of testator.

*Israel T. Deyo* for appellant.
*Archibald Howard* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.